**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SHANE A. HARROLD,           )           | |
|                             )           | |
| Petitioner,         )           | |
|                             )           | |
| v.                  )           | Case No. 3:07-CV-209 JVB |
|                             )           | |
| EDDIE BUSS,                 )           | |
|                             )           | |
| Respondent.         )           | |

**OPINION AND ORDER**

Petitioner Shane Harrold, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The respondent asserts that the petition is barred by the statute of limitations and, alternatively, the petitioner is not entitled to relief on the merits. The petitioner has not filed a traverse.

The petitioner pled guilty to murder in the Hunington Circuit Court on April 30, 2001, and was sentenced to sixty-five years of imprisonment. He filed a petition for post-conviction relief on January 12, 2004, but voluntarily dismissed it without prejudice on January 19, 2005, and obtained leave to file a belated appeal under Indiana Post-Conviction Rule 2. On August 10, 2006, the Indiana Court of Appeals affirmed Harrold's conviction and sentence. The Indiana Supreme Court denied transfer on October 19, 2006. Harrold signed his petition for post-conviction relief on May 1, 2007, and filed it with the court on May 3, 2007.

This petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, which imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. 28 U.S.C. §2244(d). Section 2244(d)(1) provides that the limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the

    expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

    A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for filing a petition for writ of certiorari to the United States Supreme Court has passed. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 3 (1987). Harrold was sentenced on April 30, 2001, his conviction became final on May 30, 2001, when the time to appeal his sentence expired, and his statute of limitations began to run on that date. The statute of limitations expired a year from that date on May 30, 2002, unless one of the other predicates listed in Section 2244(d)(1) provided a later date for the conviction becoming final or the statute was tolled by a subsequent state court proceeding.

    None of Harrold's submissions suggest that state action created an impediment to filing a habeas application in violation of the Constitution or laws of the United States or that he could not have timely discovered the factual predicate of his claims through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). In his belated appeal, Harrold argued that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), so he may assert that he is relying on a right that has been newly recognized by the

Supreme Court. But for this to assist him in avoiding the statute of limitations, the newly recognized right must have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). The Supreme Court has not held that *Blakely* is retroactively applicable to cases on collateral review. *See Burton v. Stewart*, 127 S.Ct. 793 (2007) (declining to address the question of retroactive applicability of *Blakely* to collateral review).

Harrold filed a petition for post-conviction relief on January 12, 2004. A timely petition for post-conviction relief tolls the statute of limitations, but Harrold's petition did not toll the statute of limitations because it had already expired in 2002. He later filed a belated appeal, which also did not toll the statute of limitations because it was untimely. Moreover, the Indiana Supreme Court has determined that belated appeals pursuant to Post-Conviction Rule 2 are neither "pending on direct review" nor "not yet final" under *Griffith v. Kentucky*. *Gutermuth v. State*, 868 N.E.2d 427, 435 (Ind 2007). Accordingly, Harrold's petition for writ of habeas corpus is untimely and his claims are time-barred.

For the foregoing reasons, the Court **DENIES** this petition pursuant to 28 U.S.C. §2244(d).

SO ORDERED on February 7, 2008.

        s /Joseph S. Van Bokkelen
        JOSEPH S. VAN BOKKELEN
        UNITED STATES DISTRICT JUDGE
        HAMMOND DIVISION